IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

IN RE:                             )
                                   )
**RALPH T. BYRD**                  )   Case No. 01-25006-DK
                                   )   (Chapter 11)
         Debtor                    )
_____)

**MOTION TO SHORTEN TIME TO RESPOND
TO EMERGENCY MOTION TO CONVERT CASE TO CHAPTER 7**

Platinum Financial Services Corp., Roger Schlossberg, Chapter 7 Trustee, and Shulman, Rogers, Gandal, Pordy & Ecker, P.A., hereby file this Motion to Shorten Time to Respond to Emergency Motion to Convert Case to Chapter 7, and in support state:

1. Along with the filing of this Motion to Shorten Time, the Movants have filed an Emergency Motion to Convert Case to Chapter 7 (collectively, the "Motions").

2. The entities known to have claims or to potentially have claims against the Estate are the Movants and two (2) secured creditors, both of whom appear to hold claims fully secured by the Debtor's real estate.

3. The Movants have provided via facsimile transmission a copy of these pleadings to the Debtor and EMC Mortgage Corp., one of the secured creditors. The second trust holder has not participated in this proceeding to date.

4. Rule 2002 requires that the Movants provide twenty (20) days notice of a motion to convert to all creditors unless reduced by the Court.

5. Due to the wrongful conduct of the Debtor, the delays in the administration of this case, the failure of the Debtor to file schedules, his failure to participate in any of three (3) scheduled meetings of creditors in this case, and the imminent expiration of a bar date by which

the Estate must bring claims to avoid transfers, the Movants have requested that the Court hear a Motion to Convert Case to Chapter 7 on an emergency basis.

6. As stated in the Motion to Convert, the Debtor has done nothing to provide the Trustee with information concerning the financial affairs of the Estate as he is required to provide by 11 U.S.C. §521.

7. For these reasons, it is imperative that the Court rule on the Motion to Convert Case to Chapter 7 in an expedited manner. In light of the facts and circumstances in this case, the fact that all but one (1) known creditor has received notice of the Motion to Convert, the Movants ask that Rule 2002 be waived in light of the extreme circumstances in this case and the record in this case.

**WHEREFORE**, the Movants respectfully requests that this Court enter an Order:

A. Shortening the time to respond to the Motions to the mailing thereof and sending a copy, via facsimile transmission, to Counsel for the secured creditor; and

B. Granting such other and further relief as may be just and proper.

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
Wolpoff & Abramson, L.L.P.
Two Irvington Centre
702 King Farm Boulevard
Rockville, Maryland 20850-5775
(240) 386-3000
Counsel to the Petitioning Creditors

2

**SHULMAN, ROGERS, GANDAL,**
 **PORDY & ECKER, P.A.**

By:<u>/s/ James M. Hoffman</u>
   James M. Hoffman (#04914)
   11921 Rockville Pike, Third Floor
   Rockville, Maryland 20852-2743
   (301) 230-5243
   Attorneys for Chapter 7 Trustee and as
   Potential Holder of an Administrative Claim

G:\50\Schlossberg\Byrd\SHORTEN.WPD

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of June, 2004, a copy of the foregoing was mailed, first class mail, postage prepaid, and sent via facsimile transmission to:

U.S. Trustee's Office
6303 Ivy Lane, Suite 600
Greenbelt, MD 20772

Roger Schlossberg, Esquire
Chapter 7 Trustee
134 West Washington Street
Hagerstown, Maryland 21740

Ralph T. Byrd
4901 Sundown Road
Laytonsville, Maryland 20882
Debtor

Maxwell Howell, Jr., Esquire
77 South Washington Street, Suite 208
Rockville, Maryland 20850
Counsel for EMC Mortgage Corp.

James M. Hoffman, Esq.
11921 Rockville Pike, Third Floor
Rockville, Maryland 20852-2743
Counsel for Chapter 7 Trustee and
  Potential Holder of Administrative
  Claim

                                                /s/ Ronald S. Canter
                                               Ronald S. Canter